DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

# STATE OF NEW JERSEY,

JUNE TERM, 1895.

THE WESTERN UNION TELEGRAPH COMPANY, PLAINTIFF IN ERROR, v. EDWARD McMULLEN, DEFENDANT IN ERROR.

1. A servant assumes the ordinary risks incident to his employment, and also risks arising in consequence of special features of danger known to him, or which he could have discovered by the exercise of reasonable care, or which should have been observed by one ordinarily skilled in the employment in which he engages.

2. The employer is bound to use reasonable care to protect the servant from unnecessary risk, and is liable for damages occasioned to him through some latent danger of which he should have warned him.

On error.

This writ of error was sued out by the Western Union Telegraph Company to reverse a judgment entered, on the 15th of January, 1895, for $25,000, upon the verdict of a jury in a case tried in Essex County Circuit Court. The case was originally brought in the New Jersey Supreme Court on the 5th of July, 1894, by the plaintiff, Edward

McMullen. In his declaration, plaintiff alleged that on the 20th of June, 1894, he was in the employ of the defendant as a lineman, whose duty it was to scale and climb certain poles of the defendant in Jersey City, in the State of New Jersey, used by the defendant in the conduct of its business, and to fasten and fix certain telegraph wires of the defendant upon the said poles, and connect said telegraph wires to other telegraph wires then attached to the poles of the defendant. The further complaint is that prior to the date of the grievances complained of, to wit, the 20th of June, 1894, " the defendant permitted and suffered certain of the poles used by it in the conduct of its business, to be used by certain electric light companies for fastening thereto and sustaining the light wires of the said electric light companies, which light wires were highly charged with electricity and were dangerous to life and limb, and were permitted and suffered by the defendant to remain in dangerous proximity to its wires, so that the said electric light wires would oftentimes come in contact with the said telegraph wires of the said defendant, and thereby cause the said telegraph wires of the said defendant to become and be highly charged with electricity and dangerous to life and limb, and would cause other telegraph wires of the said defendant, which were attached to its other poles, and to which there were no other electric light wires attached, and where there were no electric light wires visible, to become and be highly charged with electricity and dangerous to life and limb, which said danger was well known to the defendant and of which said danger the plaintiff was wholly ignorant and had no notice or warning ;" that the duty of the defendant was to use proper care that its wires should be kept free from any contact with the electric light wires, so as to avoid injury to the lives and limbs of its employes, who, in the regular discharge of their duties, were required to climb poles and attend to the telegraph wires thereon, but that the defendant did not discharge its duty in that behalf and " did. not use due and proper care that the said telegraph wires should be connected and maintained free from any contact

with said electric light wires, so as to prevent injury to the lives or limbs of its employes, who, in the lawful discharge of their duties, were required to climb said telegraph poles and to attach to and connect with and fasten thereto the telegraph wires of the said defendant, and did not use due and proper care that notice and warning should be given to the plaintiff of any hidden danger known to the said defendant and unknown to the said plaintiff, and connected with and attending the laying, fixing and fastening of the said telegraph wires of the said defendant to the said poles of the said defendant, and also in connecting the said telegraph wires of the said defendant with other telegraph wires of the said defendant, but carelessly, negligently and improperly failed and neglected to do so."

The further allegation is, that the defendant, at Jersey City, on the said date, did "then and there, improperly, carelessly and negligently permit and suffer its said telegraph wires and the said electric light wires to become and be in contact with each other, thereby causing the said telegraph wires of the said defendant to become and be highly charged with electricity and dangerous to life and limb, so that he, the said plaintiff, while then and there so engaged in the lawful discharge of his duties, and who had then and there climbed one of the telegraph poles of the said defendant, and was then and there lawfully engaged in laying, fixing and connecting certain telegraph wires of the said defendant with other telegraph wires of the said defendant, and connected with and attached to said pole, while he, the said plaintiff, without any knowledge and without having received any notice of danger, was then and there so engaged in the lawful performance of his duties as aforesaid, he, the said plaintiff, then and there received such a violent discharge of electricity into his head and body from said telegraph wires which he, the said plaintiff, was then and there in the act of laying, fixing and connecting as aforesaid, so as to render him," &c.

The plea of the defendant to the charge contained in the declaration was that it was not guilty of the grievances laid to its charge, or any or either of them.

For the plaintiff in error, *William P. Douglass* and *Rush Taggart.*

For the defendant in error, *Samuel Kalisch.*

The opinion of the court was delivered by

VAN SYCKEL, J. In June, 1893, McMullen, who was plaintiff below, was in the employment of the Western Union Telegraph Company, engaged in helping to set poles, string wires, put up cross-arms and connect wires. While in the performance of his duty and as he was about to attach a new wire, he received such a strong current of electricity from the Western Union wire that he was knocked insensible, and received most painful injuries.

The writ of error in this case is prosecuted to review the judgment recovered by McMullen below in compensation for the injuries received by him.

The pole upon which McMullen was working at the time he was injured was the property of the telegraph company. It appeared in the case that in the ordinary use of the telegraph wires the current of electricity was not sufficient to do injury to the person handling the wires.

It further appeared that in various parts of Jersey City, and not far from where McMullen was injured, there were poles of the telegraph company to which were attached electric light wires heavily and dangerously charged with electricity, and that such electric light wires were in such close proximity to the wires of the telegraph company as to be dangerous, but no electric light wire was attached to the pole on which McMullen was injured. He had been in the employ of the company but one month and five days when he was injured, and had never worked in Jersey City before.

It did not appear that the company gave any warning to McMullen of the danger in stringing its wires by reason of their close proximity to electric light wires at other points.

The trial court charged the jury that McMullen, when he entered the service of the company, assumed the ordinary

risks incident to the employment, and he also assumed risks arising in consequence of special features of danger known to him or which he could have discovered by the exercise of reasonable care. He left it to the jury to say whether the placing of electric light wires upon some of the poles of the company near to the telegraph wires was a special feature of danger known to McMullen, or which should have been observed by one ordinarily skilled in the employment in which he was engaged.

If the jury found in favor of McMullen upon these questions, then it was instructed to inquire whether the company had been guilty of actionable negligence. On this part of the case, the jury was instructed that the duty imposed on the company by the contract of hiring was not to subject McMullen without his knowledge or consent to risks not assumed by him; that an employer contracts with his employe to use reasonable care to protect him from unnecessary risks, and is responsible to the employe for damages resulting to him by reason of the want of such care. The jury was directed to charge the company with negligence if it found that McMullen was injured through some latent danger of which he should have been warned, and that the injury resulted from the fact that the electric light wires placed on the poles of the company were the proximate cause of the injury.

All these instructions are in accordance with the established rule in this state. *Foley* v. *Jersey City Electric Light Co.,* 25 *Vroom* 411; *Newman* v. *Fowler,* 8 *Id.* 89; *Steamship Company* v. *Ingebregsten,* 28 *Id.* 400.

Upon each and every of the controlling questions in the case there was sufficient evidence to go to the jury, and, therefore, there is no error in law in the trial below. The judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, GUMMERE, LIPPINCOTT, LUDLOW, VAN SYCKEL, BOGART, BROWN, SIMS, SMITH, TALMAN. 12.

*For reversal*—None.