WILLIAM VAN STEENBURGH ET AL., PLAINTIFFS IN ERROR, v. ROSE THORNTON, ADMINISTRATRIX OF MICHAEL THORNTON, DECEASED, DEFENDANT IN ERROR.

1. A master who employs a servant to work in a sewer trench must exercise reasonable care in the adoption of such means and appliances as will give reasonable safety and protection to the servant in his employment.

2. The care which the employer is bound to use in such a case he can give through another only at his own risk; the negligence of such person will be imputed to the employer.

On error to the Supreme Court.

The writ of error in this case was brought to reverse a judgment of the Supreme Court entered upon a verdict of the jury rendered in the Hudson County Circuit Court.

The action is brought to recover damages for the death of the plaintiffs' intestate while working in a trench of a sewer which was being constructed in the township of Kearney by the defendants. A number of exceptions were taken at the trial, but the plaintiffs in error did not press any except the refusal of the court to order a nonsuit, or to direct a verdict for them.

For the plaintiffs in error, *Warren Dixon* and *Samuel Kalisch.*

For the defendant in error, *Thomas J. Lintott* and *Gilbert Collins.*

The opinion of the court was delivered by

VAN SYCKEL, J.  Michael Thornton, the plaintiff's intestate, was the servant of the defendants, engaged in digging for them in a sewer which they were constructing for the township of Kearney, when one side of the sewer trench caved in upon him and crushed him to death.

The sewer trench was about eleven feet deep, and the sides were not braced.

A few years prior to this accident, a trench had been opened and a water pipe laid in this street, buried four or five feet under ground.

The sewer trench was parallel with the water pipe, about three feet distant from it. The earth excavated from the sewer trench was piled up on the side next to the water pipe, and it caved in on that side.

The writ of error in this case is prosecuted to review the judgment for damages recovered by the plaintiff on the trial below.

The error relied on for a reversal is that the trial judge refused to nonsuit or direct a verdict for the defendant.

The trial court correctly charged the law to be that the duty of the defendants, as employers of the deceased as their servant, was to exercise reasonable care to provide a safe place for the deceased to work in, and to furnish and adopt such means and appliances for the work to be performed by the deceased, that he might be insured reasonable safety and protection in his work, subject to the further rule of law that the deceased took upon himself, as an employe or servant of the defendants, all the risks of danger incident to the employment, and which were obvious or could have been perceived by him by the exercise of his senses and the use of ordinary care and circumspection.

Whether the employer was guilty of negligence in not using reasonable care to keep the ditch in a safe condition, was a question for the jury depending upon various facts which were in dispute in the case.

The care which the employer was bound to use in such a case he could give through another only at his own risk.

He attempted to perform this duty by a boss employed by him and put in charge of the work.

There was evidence tending to show that this boss knew, or from which the jury might have inferred that he should have known, of the dangerous condition of the ditch, and

that he did not take proper precaution to avert such danger, and protect the deceased.

In this respect, the negligence of the boss was the negligence of his employer. He failed in a duty he was required to perform as representative of his superior.

This is in accordance with the last-declaration of this court upon this subject in the case of *Steamship Company* v. *Ingebregsten*, 28 *Vroom* 400.

The case was properly submitted to the jury, and the judgment below should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, GUMMERE, LUDLOW, MAGIE, VAN SYCKEL, BOGERT, BROWN, SIMS, SMITH, TALMAN. 12.

*For reversal*—None.