JAMES D. ROGERS *vs.* DANIEL L. D. GRANGER,
City Treasurer.

PROVIDENCE—NOVEMBER 26, 1898.

PRESENT : Matteson, C. J., Tillinghast and Rogers, JJ.

(1) *Negligence.   Evidence.   Nonsuit.   New Trial.*

A nonsuit was granted upon the ground that the negligence referred to by the evidence was that of a fellow-servant; upon exceptions the petition for a new trial was opposed on the ground that the plaintiff failed to prove some of the material allegations in the declaration :—

*Held,* that this did not affect the question raised by the petition; if a nonsuit be rightly granted, the ground upon which it was based is immaterial.

A nonsuit is rightly granted when the plaintiff fails to make out his case.

TRESPASS ON THE CASE for negligence in consequence of which the plaintiff was injured while employed by the city in excavating a trench for a sewer.   Heard on plaintiff's petition for a new trial.

TILLINGHAST, J.   The evidence in this case falls short of supporting some of the material allegations in the plaintiff's

declaration. It is alleged, *inter alia*, that at the place where
the trench for the sewer was being dug the land had been
lately filled in with dirt, and that at the place where the
plaintiff was injured a ditch, in which a water-main was
laid, had been dug, so that the earth around said water-main,
having been once thrown out and afterwards replaced, was
liable and likely to cave and fall into said trench, thereby
rendering it unsafe to dig near to and below said water-main.
At the trial of the case, however, no proof was offered in sup-
port of these allegations except that of the plaintiff, who sim-
ply testified that immediately before the bank caved in upon
him he struck a water-main and took a shovelful of dirt from
it, and that was the last he knew. He also testified that no
one had told him that the water-main was there or that the
ground had been dug before. This is not enough. He must
prove, as alleged, that the place where he was at work was
on land which had been lately filled, and also that by reason
thereof the city was called upon to exercise a greater degree
of care in protecting its employees than it otherwise would
have been. That is, he must show that, either by reason of
improper filling or otherwise, the earth in question was not
as firm as "virgin soil." For aught that appears in the
proof, the said water-main may have been laid many years
since, and the earth around it may have become as firm and
compact as if it had never been removed. And further, the
earth may have been so skillfully and carefully replaced, by
puddling or otherwise, as to render it as compact as ever,
even if, as alleged, it was "lately filled in." The plaintiff
must also prove the failure of the city to provide and furnish
the necessary plank or timber for bracing or sheathing the
sides of the trench. *Dube* v. *Lewiston*, 83 Me. 211 and cases
cited ; 2 Bailey Master & Serv. § 2932. See also *Regan* v.
*Palo*, 41 Atl. Rep. 364.

(1)   It is true, the failure to make out the plaintiff's case, in
the particulars suggested, was not the ground upon which
the motion for nonsuit was made and granted, although
counsel for defendant now makes the point in his brief that
no proof was offered in support of the allegations referred to.

But as it is clear that the nonsuit was rightly granted, it is immaterial as to the ground upon which it was based. Whether the ground upon which the nonsuit was granted, therefore, viz., that the negligence which caused the accident, if there was any negligence, was that of a fellow-servant, is tenable, it is not necessary for us now to decide. As the plaintiff failed to make out his case in the particulars above referred to, the nonsuit was rightly granted, and the petition for new trial must therefore be denied.

Petition denied and dismissed.

*John M. Brennan and Dennis J. Holland*, for plaintiff.

*Francis Colwell, City Solicitor of the city of Providence*, for defendant.