THE BENJAMIN ATHA AND ILLINGWORTH COMPANY, PLAINTIFF IN ERROR, v. JAMES COSTELLO, DE-FENDANT IN ERROR.

Submitted December 5, 1898—Decided February 27, 1899.

1. An employe assumes the risk of such dangers attending the prosecution of his work as he would discover by the exercise of ordinary care for his personal safety, and for hurt happening to him from those dangers the employer is not responsible.

2. A charge which, by the fair import of its language, confines the obvious dangers, of which an employe assumes the risk, to the dangers arising from facts known to him, does not properly embody the rule above stated.

On error to the Essex Circuit.

Before MAGIE, CHIEF JUSTICE, and Justices GARRISON and DIXON.

For the plaintiff in error, *Edward M. Colie.*

For the defendant in error, *Samuel Kalisch.*

The opinion of the court was delivered by

DIXON, J. The plaintiff, while in the employ of the defendant and working in its shop, was injured by a plank that fell on him from the girders of the roof. The plank, with others, had been laid on the girders as a scaffold for men engaged in painting. The painting had been finished

some days before the accident, and the negligence charged against the defendant was that it had permitted the planks to remain upon the girders unfastened and liable to be shaken from their position by the jarring of the building incident to the heavy work done in the shop. The plaintiff knew that the planks were there and that the building was jarred by the work, but it was open to question whether he knew or ought to have known that the planks were not fastened.

In this state of the evidence the defendant's counsel requested the court to charge the jury that the plaintiff was chargeable with notice of every fact which he would have known had he exercised ordinary care to keep himself informed as to the matters concerning which it was his duty to inquire, and that if the position of the plank over his head was such that, under all the circumstances of the situation, the plaintiff ought to have known it was likely to fall he could not recover.

As a response to these requests the court charged that when the plaintiff entered the service of the defendant he assumed the risk of all obvious dangers and risks arising in consequence of special features of danger known to him, and that if he knew the plank was over his head and was not secured in any way, then it was an obvious danger and he would be barred from recovery. He further charged that if the jury found that the danger incident to the plank was a risk arising in consequence of a special feature of danger, and that that special feature of danger was not known to the plaintiff—was not plain and obvious—then the remaining question would be, has the plaintiff established a right of recovery against the defendant company?

The requests mentioned embodied a settled rule of law pertinent to the matters in issue, for there can be no doubt that an employe assumes the risk of such dangers attending the prosecution of his work as he would discover by the exercise of ordinary care for his personal safety, and that for hurt happening to him from those dangers the employer is not

responsible.   *Western Union Telegraph Co.* v. *McMullen,* 29 *Vroom* 155 ; *Comben* v. *Belleville Stone Co.,* 30 *Id.* 226.

The charge seems to us to be not a fair compliance with the requests.

The charge dealt with facts known to the plaintiff; the requests dealt with facts which he ought to have known, which he would have known had he exercised ordinary care to keep himself informed as to the matters concerning which it was his duty to inquire, viz., his personal safety while engaged in his work.  The distinction between the facts known to a person and those which would become known to him if he exercised ordinary care involves a question of negligence, and when applied to the relation of master and servant involves a question of legal responsibility.  The conduct of an employe, tested by the facts known to him, may disclose no negligence and no legal assumption of risk, while the same conduct, tested by the facts which ordinary care would have revealed to him, may appear negligent or show that in law he assumed the risk of injury.  Either of these conclusions would secure immunity to the master.

While the charge that the plaintiff assumed the risk of all obvious dangers might, if it had been left without modification, have sufficiently expressed the true rule, yet it was not so left, for when the learned judge came to apply it to the facts of the case he confined it, by the reasonable import of his language, to those dangers which the plaintiff's actual knowledge would indicate.

On this assignment of error the judgment should be reversed and the record remitted for a new trial.