67  679
69  449

THOMAS CARROLL, PLAINTIFF IN ERROR, v. THE TIDEWATER OIL COMPANY, DEFENDANT IN ERROR.

Submitted March 25, 1902—Decided June 16, 1902.

1. C., a common laborer in the employ of the defendant, was directed with other laborers by the general superintendent of the defendant company to assist in the moving of a large iron punching machine; in the course of the moving a fly-wheel at the end of the machine, which was loose upon the shaft, slipped off injuring the plaintiff, who was in the performance of his work standing in front of the wheel. *Held,* that the failure to

exercise reasonable care for the safety of the servant and properly to inspect the condition of the machine before ordering its removal was a breach of duty on the part of the company for which it was liable.

2. If the injury is due to a latent defect which the master either knew or by the exercise of the care required of him might have known, he will be liable.

3. A servant is entitled to assume, in the absence of any notice to the contrary, that the master has exercised reasonable care and skill in providing for the safety of the servant.

In tort. On error to the Supreme Court.

For the plaintiff in error, *Thomas F. Noonan, Jr.*

For the defendant in error, *Alvah A. Clark.*

The opinion of the court was delivered by

VROOM, J. This was an action brought by the plaintiff below against the defendant, the Tidewater Oil Company, to recover damages for personal injuries sustained while in the employment of the said company. The plaintiff was a common laborer, and had not, up to the time of the accident, worked in any other capacity while in this employment.

With a number of other laborers he was ordered, on the day of the injury, to move a large iron punching machine some five hundred feet from the place where it lay into a new boiler shop. The work of moving was done under the supervision and direction of two foremen of laborers, named Gregory and Parker. It appeared that the removal of the machine to the boiler-house was ordered by the general superintendent of the company.

The machine was moved on rollers and on planks and on skids, by means of a block and fall. Plaintiff testified that he took different parts in the moving of the machine, running out with the block and fall, laying it on and hooking the block and running back and pulling on the rope. When they had moved the machine into the boiler shop, and while the plaintiff was assisting in placing it on a platform and putting it in position, the fly or balance wheel at the end

of the machine, of great weight and four feet in diameter, fell off its axle or shaft. The plaintiff was standing in front of the wheel, with his hands on it; seeing it about to fall, he tried to get out of the way by jumping, but the wheel fell upon his left foot, causing the injury complained of. There was evidence showing that this fly wheel had never been properly put on the shaft; that it was too loose in the beginning, and had been too loose ever since it was put on. There was also evidence that the only proper way to put such a wheel on a shaft was first to put it in tight, which would require two or three tons to press it on the shaft, then it should be fastened with a key, driven in with a heavy hammer of some eight or ten pounds weight, the key going partly in the hub of the wheel and partly into the shaft, then to be fastened with set screws on the quartershaft, and, in order to make it more secure, with the shaft countersunk.

At the close of the plaintiff's case the trial judge granted a nonsuit, upon the grounds, thus stated by him, "that from the time that it [the machine] was taken charge of by the foreman, who was a co-servant of the plaintiff, for the purpose of removal—that is, to make the removal of this machine—the company was guilty of no act of negligence toward the plaintiff. There was a machine plainly perceivable by the plaintiff there to be removed. There is no evidence that it was not in safe condition at the time. It may have been the duty of Gregory, at that time, if it had been unfit for removal, perhaps, to make a report to the company, or to take such measures as would make it safe, but he was the co-servant of the plaintiff, and his negligence was one of the risks assumed by the plaintiff. The plaintiff cannot charge the defendant with any injuries which he received by reason of any act of negligence of Gregory, who was his co-servant."

On error to the Supreme Court the judgment of the Circuit Court was affirmed, the Supreme Court holding that those in charge of moving the machine were fellow-servants of the plaintiff, and that no negligence was found for which the company was liable.

The assignment of error relied upon in this court was the failure of the Supreme Court to reverse the judgment of nonsuit in the Hudson Circuit Court.

The principal ground for the motion of nonsuit, and for the judgment of the Supreme Court in affirmance thereof, was the familiar rule that a master is not liable to a servant for damages resulting from the negligence of a fellow-servant in the course of a common employment.

Almost the only case pressed upon this court in the brief of the defendant in error was that of *O'Brien* v. *American Dredging Co.*, 24 *Vroom* 291, in which case it was held "that a master will not be liable to a servant in his employ for injuries occasioned by the negligence of a superior servant, who is also employed as a boss or foreman of other workmen with whom he labors, in the execution of work designed and directed by the master or his vice principal." It is apprehended that the correctness of the law, as laid down in that case, and afterwards in *Gilmore* v. *Oxford Iron Co.*, 26 *Id.* 39, will not be disputed. But, as was so aptly said by Adams, J., in *Flanigan* v. *Guggenheim Smelting Co.*, 34 *Id.* 647, 662, in referring to the rule above stated, "this rule does not apply to this case. It springs from, and is concerned with, a breach of duty of a fellow-workman; not a breach of duty of the employer;" and he further says "that the true criterion is thus compactly stated in the opinion of this court in *Curley* v. *Hoff*, 33 *Vroom* 758, 763, the test always must be whether the negligent act or omission was in discharge of the master's or the servant's duty."

The very gist of the plaintiff's action in this case is in the negligent act or omission in the master's duty. The moving of. this heavy machine called for the exercise of reasonable care and skill on the part of the master, including inspection and the security of those instructed to effect its removal. It. is not a question involving the ordinary risks and perils in working at or about the machine, but whether it .was reasonably safe when the plaintiff and other ordinary laborers were set to work moving it. Such laborers would not, nor could they be expected, to know anything of the

construction of such a machine; whether it was or was not in suitable repair or condition for removing, whether the fly wheel was loose and liable to slip off the shaft or not in the course of such moving.

As was said in this court, in *Western Union Telegraph Co.* v. *McMullen,* 29 *Vroom* 155, in defining the risks assumed by a servant, and the exposition is particularly applicable to this case, "a servant assumes only the ordinary risks incident to his employment, and also risks arising in consequence of special features of danger known to him, or which he could have discovered by the exercise of reasonable care, or which should have been observed by one ordinarily skilled in the employment in which he engages." And there is a positive duty imposed upon the master to take reasonable care and precaution not to subject the servant to other and greater dangers. *Electric Co.* v. *Kelly,* 28 *Id.* 100. If the defect in the putting of this wheel upon the shaft was one that could not have been discovered by careful and diligent examination, no responsibility would attach to the master; but he would be liable for a latent defect, which, by the exercise of the care and diligence required of him, he might have discovered. The fact that one of the witnesses testified that, while they were moving the machine up grade, one Cox came up behind the machine and said the wheel was nearly off, and that they tried to fix it on so as to keep it on, but demonstrates, if true, that reasonable care and precaution, on the part of the master before the moving was undertaken, would have prevented the accident. The plaintiff testified that he did not see Mr. Cox there at all until after he was injured, and it appeared that, at the time the statement as to the wheel was alleged to have been made, the plaintiff was over fifty feet from the machine, running the block and fall to the railroad track.

In discussing the question of the liability of the master for negligence, Mr. Justice Van Syckel, in the case of *Smith* v. *Oxford Iron Co.,* 13 *Vroom* 467, 468, laid down the rule, which has been approved and followed: "If there has been negligence on the part of the master in selecting proper ser-

vants, or in furnishing safe appliances for the conduct of business, the master is responsible;" and he further adds (at *p.* 473), "It has been universally conceded that there are certain duties which a corporation must perform towards its servants, such as the furnishing of proper instrumentalities and using due care in selecting co-servants, which cannot be neglected without consequent liability."

In *Steamship Co.* v. *Ingebregsten*, 28 *Vroom* 400, in this court, Mr. Justice Dixon said: "A master's duty to his servant required of the former the exercise of reasonable care and skill in furnishing suitable machinery and appliances for carrying on the business in which he employs the servant, and in keeping such machinery in repair, including the duty of making inspections and tests at proper intervals;" and he adds, "So far the authorities are at one," and "almost as numerous are they in the proposition that, if the master selects an agent to perform this duty for him, and the agent fails to exercise reasonable care and skill, the master is responsible for the fault."

This declaration of this court has been approved and followed in the later cases of *Western Union Telegraph Co.* v. *McMullen*, 29 *Vroom* 155; *Van Steenburgh* v. *Thornton, Id.* 160; *Maher* v. *Thropp*, 30 *Id.* 186; *Comben* v. *Belleville Stone Co., Id.* 226; *McLaughlin* v. *Camden Iron Works*, 31 *Id.* 557; *Curley* v. *Hoff*, 33 *Id.* 758; *Cole* v. *Warren Manufacturing Co.*, 34 *Id.* 626; *Flanigan* v. *Guggenheim Smelting Co., Id.* 647, 663.

To the same purport are the decisions of the Supreme Court of the United States. *Union Pacific Railroad Co.* v. *Daniels*, 152 *U. S.* 684; *Hough* v. *Railway Co.*, 100 *Id.* 213; *Railroad Co.* v. *Herbert*, 116 *Id.* 642; *Baltimore and Ohio Railroad Co.* v. *Baugh*, 149 *Id.* 368.

But, as was said in the case of *Flanigan* v. *Guggenheim Smelting Co., supra*, "even if the accident be thought of as the product of the co-operating negligences of the employer and fellow-servants of the plaintiff, the conclusion is the same." The court there cited, with approval, the rule laid down in *Bev. Negl.* 743: "If the negligence of the master

combines with the negligence of the fellow-servant, and the two contribute to the injury, the servant injured may recover damages against the master." *Cole v. Warren Manufacturing Co., 34 Vroom* 626, 631.

When we come to apply the principles above stated to the present case, it is clear that it was the duty of the defendant, through its general superintendent, who admitted that he had directed the removal of this machine into the boiler shop, to see that it was removed with care; that proper foremen were selected to superintend the work, and to see that it was in a safe condition before delivered over for removal. In this duty or service he was the representative of the defendant, and not acting in a common employment with the plaintiff. If negligence also can be attributable to the foremen for failure properly to inspect the machine and supervise the work of removal, it will not avail the defendant, even though such foremen may be held to be in a common employment with the plaintiff, if their negligence is combined with that of the defendant. *Cole v. Warren Manufacturing Co., supra.*

The evidence on the part of the plaintiff clearly tended to show that the duty thus stated as devolving upon the master had not been performed, and that the injuries sustained by the plaintiff were the result of this negligence chargeable to the defendant. The burden of proof of negligence in this respect, it is true, is upon the plaintiff, yet, if the question presented by the evidence is one upon which a reasonable difference of opinion might be entertained, the duty of the trial court is to submit it to the jury.

Whether there was negligence on the part of the defendant in not exercising reasonable care and skill in supplying reasonably safe machinery and appliances, and in keeping them in a safe condition for the work to be performed, was a question for the jury, depending upon the facts of the case. *Van Steenburgh v. Thornton, 29 Vroom* 160; *Comben v. Belleville Stone Co., 30 Id.* 226.

The judgment of the Supreme Court, affirming the judgment of the Circuit Court, is reversed, and the record remitted to the Circuit Court, with the direction that a *venire de novo* be awarded.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, PITNEY, KRUEGER, ADAMS, VREDENBURGH.  7.

*For reversal*—DIXON, COLLINS, FORT, GARRETSON, HENDRICKSON, BOGERT, VOORHEES, VROOM.  8.