ANTONIO ROCCO, ADMINISTRATOR, &c., OF BERNATINO
    ROCCO, DECEASED, PLAINTIFF IN ERROR, v. THE F.
    A. GILLESPIE COMPANY, A CORPORATION, DEFEND-
    ANT IN ERROR.

Submitted December 12, 1905—Decided June 18, 1906.

1. A servant engaged in the excavation of a trench, and the fore-
   man directing the work, are fellow-servants in a common em-
   ployment.
2. Where the danger is created as the work advances, and is as
   obvious to the servant as it is to the master, and the master has
   provided the means with which the servant may protect himself,
   when protection becomes necessary, and the servant is injured
   through his failure to use the means thus provided, the master
   is not liable.

In tort.   On error to the Supreme Court.

For the plaintiff in error, *Jeremiah A. Kiernan.*

For the defendant in error, *Charles D. Thompson.*

The opinion of the court was delivered by

FORT, J.   The plaintiff's intestate came to his death as the
result of the caving in of a trench in which he was working.

The contention of the plaintiff was that the accident was
due to the negligence of the defendant, through its foreman,
in not sheathing the trench to prevent caving.

There was proof that the material for sheathing was on the
ground and accessible to the workmen, and that it was the
custom and duty of the workmen to attend to placing the
material when necessary.

The trench being dug was about ten feet wide at the top
and five at the bottom, and was for the laying of water pipes
of large dimensions.

The plaintiff's intestate had been working in this character
of trench work for upwards of eighteen months, and was
familiar with this kind of excavation work and with the fact ·

that sheathing was used to prevent caving when the excavation had reached a certain depth or the nature of the land otherwise required it. Where the earth caved, at the point where the deceased was thereby caught in the trench, it was filled land. The duty to protect themselves against the earth's caving by the use of sheathing was proved to be upon the workmen themselves.

On this state of facts, when the plaintiff rested, there was a nonsuit, and in this we think there was no error.

The work itself involved the place of working. The doing of the work of excavation made the place of working. The workman was creating his own place to work in, and was constantly changing it and making it more and more dangerous as the work progressed. He could know, as well as the master, and even better than he, the danger of the place. It was under his constant observation. The dangers were of his own creation and clearly incident to the work. That such dangers would arise was known to both the master and the servant, and the master, with this knowledge that such danger would thus arise during the progress of the work, provided for the use of his servant, when he found its use necessary, the sheathing with which the servant could protect himself, and, with proper care for his own safety, would protect himself.

This was the whole duty of the master in such a case.

It is said that the foreman on the work was required to attend to the sheathing and to see that it was placed in position when necessary for the safety of the workmen in the trench. Concede this to be true—although the proof does not establish it to be a fact—still, that does not fix the liability upon the master. The foreman was working in the same line of work as the deceased, and actively participating in the work. He was a fellow-servant. The fact that he was foreman is of no concern. The "superior servant rule," as a limitation upon the master's exemption from liability to a servant for the negligence of a fellow-servant, does not obtain in this state. *Knutter* v. *New York and New Jersey Telephone Co.*, 38 *Vroom* 646.

The master is not liable for an injury resulting to a servant from the negligence of a fellow-servant in the common employment, if such servants are selected with reasonable care. Bricklayers who build a sewer are in common employment with the laborers who excavate and sheathe the trench and the foreman who directs the work. *Curley* v. *Hoff,* 33 *Vroom* 758.

The plaintiff in error relies upon the case of *Van Steenburgh* v. *Thornton,* 29 *Vroom* 160. But a careful examination of that case will show that the master's liability was there placed upon the ground that there was in the earth being excavated a danger that was known to the master, or which by the exercise of reasonable care he would have known, which was neither known to the servant nor obvious to him in his work. The danger there arose from the existence in the earth, within three feet of the point where the servant was excavating, of recently filled earth covering a water pipe, and upon the surface of which filled ground, over the water pipe, the excavated earth from the trench the servant was digging was being placed, thus causing the caving of the filled earth over the water pipe into the trench which the servant was excavating. This danger was known to the master, but was an undisclosed latent danger to the servant.

The Van Steenburgh case is placed, for its support, upon *Steamship Company* v. *Ingebregsten,* 28 *Vroom* 400. A careful examination of these two cases will show that the rules of law stated therein, when applied to the facts in the case before us, sustain the result here reached.

The judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHANCELLOR, GARRISON, FORT, GARRETSON, HENDRICKSON, SWAYZE, REED, VREDENBURGH, GREEN, GRAY, DILL. 11.

*For reversal*—PITNEY, BOGERT, VROOM. 3.