The Ferry-Hallock Company

*v.*

The Progressive Paper Box Company et al.

[Decided May 19th, 1909.]

1. Where an issue was not precisely raised, nor expressly decided by the court, the decision was not conclusive on the issue.

2. A representation by a patentee that a certain thing is covered by his patent, made in good faith while bargaining with another as to a license,

1

is not a representation of a fact on which the latter may rely, so that he cannot, on subsequently proving the falsity of the representation, repudiate the license.

3. A licensee who uses a patent is estopped from denying the licensor's title.

4. A licensee under a patent, who for fraud or otherwise has the right to repudiate the license, cannot repudiate it in part and claim under it in part.

On bill, answer, cross-bill and replication.

*Mr. William Read Howe* (*Messrs. Howe & Davis,* solicitors) and *Mr. Bull* (of the New York bar), for the complainant.

*Mr. Philip J. Schotland,* for the defendants.

EMERY, V. C.

At the hearing I gave orally my views to some extent on the rights of the parties, reserving final determination for briefs on the following points—*first,* whether in the Ferry-Waring Company suit, referred to at the hearing, it had been expressly decided that the complainant's patents, or any of them, covered "stays" as well as "rings," and *second,* whether complainant's representation or claim at the time of procuring the license, that "stays" were covered by its patents, made to defendant under the circumstances proved, was such a representation of fact on which defendants were entitled to rely in making the contract, that defendants on proving its falsity were discharged from the obligation to pay royalty under the contract, and were entitled to rescind the contract.

Briefs have been submitted on these points, and on further consideration of the cause, I add the following brief statement to the views expressed at the hearing. The opinion of Judge Lacombe in the Ferry-Waring Company suit does not expressly decide the issue now raised, as to the distinction between "stays" and "rings" under the Ferry patents, nor was that issue precisely raised. It is not therefore conclusive on the question, and its bearing on this question is therefore to be considered only in connection with the evidence given at the hearing upon this subject.

As to the *second* question, further consideration confirms my impressions indicated at the hearing, that under the circumstances proved, complainant's representation or claim that the "stays" in question were covered by its patents, was *bona fide* and honestly made, and was a representation or claim which, in bargaining with defendants as to a license, it committed no fraud in making, and that the defendants being at that time actually claiming and acting on an adverse title—being the same title which they now set up and seek to establish by evidence— were not entitled to act on this representation or claim of title made by complainant as the assertion of a fact, the falsity of which, subsequently proved, would entitle them to repudiate the contract on this ground. No authorities have been referred to establishing that representations of this character, made under these circumstances, are representations of fact on which defendant had then the right to rely, but might subsequently disprove, when it so elected, by disputing the license.

The general principle is that the licensee, to the extent that he continues to use the license, is estopped from denying the licensor's title. *Clark* v. *Adie, 2 L. R. 423; App. Cas. (1877)*; *Jones* v. *Burnham, 67 Me. 93; 24 Am. Rep. 10 (1877)*; *Kinsman* v. *Parkhurst, 18 How. (U. S.) 289.*

This applies the same principle which estops a tenant from denying the landlord's title to the land occupied under the lease, and is an estoppel implied by law, even in the absence of an express estoppel, such as was made by the agreement here. If the defendants have the right, for fraud or otherwise, to repudiate the license, thus making themselves liable to suit as infringers, the repudiation in such case must be total and of all the privileges granted. They cannot, at the same time, claim under and against the agreement. In the present case, the agreement granted the right to use the Hallock machines for rings and fixed the royalties for both rings and stays on a basis which did not depend on the actual making of either stays or rings, and these entire royalties are due, under the agreement, if the defendants use any of the privileges conferred by the license, and do not expressly repudiate them all. Defendants admit the use of these privileges for making "rings" and offer to account for these, but

the accounting can be only according to the express agreement and not otherwise, so long as any privilege under it is used.

I will advise a decree for accounting under the agreement, to be settled on notice, if necessary, and that the cross-bill be dismissed.