CHARLES M. McDERMOTT, receiver,

*v.*

WILLIAM WOODHOUSE, JR., appellant.

[Submitted March term, 1917. Decided June 18th, 1917.]

1. The receiver of an insolvent corporation can enforce a stockholder's liability for unpaid stock issued as full paid only in the right of creditors.

2. The obligation of holders of unpaid stock in a corporation issued as full paid is to pay so much of what is unpaid on the stock as will satisfy the claims of corporate creditors and meet the expenses of winding up its affairs. *Cumberland Lumber Co.* v. *Clinton Hill Lumber Mfg. Co., 57 N. J. Eq. 627,* followed.

3. The amount of a stockholder's liability on unpaid stock must be ascertained in the forum of the corporation's domicile, in a proceeding to which the corporation itself is an indispensable party. *Wetherbee* v. *Baker, 35 N. J. Eq. 501,* followed.

4. A stockholder is so far an integral part of the corporation that in view of the law, he is privy to the proceedings touching the body of which he is a member. Where an assessment for unpaid stock is made in a proceeding at the domicile of the corporation to which the corporation is a party, the stockholder cannot question the propriety or amount of the assessment, although he may contend in a subsequent action against him personally to collect the assessment that he is not liable at all.

5. The propriety and amount of an assessment upon stockholders to pay creditors are internal affairs of the corporation with which the courts of another jurisdiction will not intermeddle.

6. A stockholder is not bound to pay an assessment on his stock until the assessment is made and he can know how much he has to pay. When his liability has been ascertained it must be enforced in a court of law unless some element of equity jurisdiction appears. *Barkalow* v. *Totten, 53 N. J. Eq. 573; Hood* v. *McNaughton, 54 N. J. Law 425,* followed.

On appeal from a decree advised by Vice-Chancellor Backes, whose opinion is reported in *87 N. J. Eq. 124.*

Mr. James J. McGoogan, for the complainant-respondent.

Mr. John A. Hartpence, for the defendant-appellant.

The opinion of the court was delivered by

SWAYZE, J.

The appellant moved to dismiss the bill for want of equity. His motion was denied and he appeals.

The bill is a most extraordinary one. It is a bill filed by a receiver in insolvency of a New York corporation, who was appointed by our court of chancery, and seeks to establish a stockholder's liability for stock issued for property purchased, as is said, at a gross overvaluation. We pass over the informal statements contained in the bill, and put upon it the best face possible. The corporation itself is not made a party. There is nothing to show that a receiver has ever been appointed in New York, the domicile of the corporation. Nothing is averred in the bill which would justify our courts in appointing a receiver in insolvency of a New York corporation. The draftsman seems to have conceived the notion that under our statute a receiver in insolvency can be appointed for a foreign corporation by the same procedure that is authorized in the case of a New Jersey corporation. We mention these difficulties because they are of so fundamental a character that we ought not to pass them unnoticed and thereby appear to justify what seems by the averments of the bill to have been an unwarranted interference by our courts in the internal affairs of a foreign corporation. Probably the proceedings for a receiver were *ex parte,* and the attention of the court was never called to the fact that the corporation was not a New Jersey corporation. The matter is important. The bill seeks to do what can only be done by a receiver in case he possesses all the powers of a statutory receiver in insolvency, and shows on its face that the utmost powers he could have would

be those of a mere ancillary receiver to gather in the assets in this state.

To enforce a stockholder's liability for unpaid stock issued as full paid, the receiver can act only in the right of creditors. By the contract between the corporation and the stockholders, the latter have no further obligation with respect thereto, but where stock has been issued for property at an overvaluation, the stockholders may, in a proper case, be held for the deficiency. But their obligation is no greater than the obligation of stockholders whose subscriptions were payable in cash—that is, to pay so much of what is unpaid on the stock as will satisfy the claims of corporate creditors and meet the expenses of winding up its affairs. *Cumberland Lumber Co.* v. *Clinton Hill Lumber Mfg. Co., 57 N. J. Eq. 627–629.* In that case we reversed a decree which ordered payment of the whole amount remaining unpaid, and held that only so much should be paid as was necessary to satisfy creditors.

Since this is the limit of the stockholder's obligation, it follows that the amount must be ascertained by a tribunal which has the power to ascertain the total amount of the debts and the total amount of the assets of the corporation. This cannot be done in a forum where only an ancillary receivership is possible. It must be done in the forum of the domicile. The bill in the present case, indeed, sets up an attempt to compel creditors to bring in their claims and the entry of an order barring creditors in the insolvency suit. As far as we know, the only authority for such a proceeding is section 75 of the Corporation act (*Comp. Stat. p. 1643*); but this can only apply to a New Jersey corporation; our courts cannot force a New York creditor of a New York corporation to submit his claim to our tribunals under penalty of losing all right to participate in the distribution of the assets. It is manifestly quite as necessary to ascertain the total assets of the corporation as its total liabilities in order to fix the amount needed to pay creditors, and these assets can only be finally ascertained in the courts of the domicile to which assets may be remitted by courts of other forums acting through ancillary receivers, as in *Irwin* v. *Granite State Provident Association, 56 N. J. Eq. 244.*

From the necessity of ascertaining the amount of assets and liabilities it follows that the corporation itself is a necessary party to the suit. We said, in *Wetherbee* v. *Baker, 35 N. J. Eq. 501* (at *p. 508*), that the corporation is indispensable as a party to a suit in which the amount of its property and the amount of its debts are involved. Whether it would have been possible to serve process on the corporation, in this case, we do not know; generally a foreign corporation could not be served since few such corporations in comparison with the total number do business in this state or subject themselves to its jurisdiction. In the present case, the complainant has not even made the corporation a party to the bill. This defect of itself is fatal.

Again, in order to fix a stockholder's liability, he must be bound by the proceedings to determine the amount thereof. He cannot be bound without some sort of notice, and it can rarely happen in the case of a large corporation that all the stockholders are subject to a single jurisdiction, and it is probable that even in the case of a small corporation, some of the stockholders reside in different jurisdictions. That seems to be the present case where the stockholders are only seven in number. For a time this difficulty of subjecting stockholders to the jurisdiction of a single tribunal seemed insuperable. It was finally settled in *Hawkins* v. *Glenn, 131 U. S. 319*, applying the rule of *Sanger* v. *Upton, 91 U. S. 56*, that a stockholder is so far an integral part of the corporation that, in the view of the law, he is privy to the proceedings, touching the body of which he is a member. We have adopted this rule, *Cumberland Lumber Co.* v. *Clinton Hill Lumber Mfg. Co., 57 N. J. Eq. 627*, after expressing some doubt as to its soundness in *Meley* v. *Whitaker, Receiver, 61 N. J. Law 602, 604*. See, also, *Gilson* v. *Appleby, 79 N. J. Eq. 590*. Where the assessment is made in a proceeding at the domicile of the corporation to which the corporation is a party, the stockholder cannot question the propriety or amount of the assessment; although he may contend in a subsequent action against him personally to collect the assessment that he is not liable at all. *Coe* v. *Armour Fertilizer Works, 237 U. S. 413, 423*.

The propriety and amount of the assessment must be determined according to the statutes and jurisprudence of the domicile (*Glenn* v. *Liggett, 135 U. S. 533, 548*), and when so determined are binding everywhere. *Hancock National Bank* v. *Farnum, 176 U. S. 640.* That the practice has been to bring the action in the courts of the domicile is sufficiently shown by *Easton National Bank* v. *American Brick and Tile Co., 70 N. J. Eq. 722,* and the cases therein cited.

These considerations make it clear that the propriety and amount of an assessment to pay creditors are internal affairs of the corporation with which the courts of another jurisdiction will not intermeddle. Illustrations are to be found in analogous cases of assessments upon members of mutual insurance companies. *Condon* v. *Mutual Reserve Fund Life Association, 89 Md. 99; 42 Atl. Rep. 944; Stockley* v. *Thomas, 89 Md. 663; 42 Atl. Rep. 766; Swing* v. *Consolidated Fruit Jar Co., 74 N. J. Law 145.*

So far, then, as the bill is to be looked on as a bill to compel an assessment upon stockholders to pay debts, it fails to make out a case. It is equally futile as a bill to compel a single stockholder to pay his individual liability. It is settled, on the clearest basis of reason, that the stockholder is not bound to pay until the assessment is made and he can know how much he has to pay. *Scovill* v. *Thayer, 105 U. S. 143.* The court, in *Scovill* v. *Thayer,* was dealing with the defence of the statute of limitations. After saying that by the contract between the stockholder and the company, the stock was fully paid, and that no suit could have been maintained by the company to collect on the unpaid stock, and that it was only the right of creditors that made the action maintainable, the court added: "In this case there was no obligation resting on the stockholder to pay at all until some authorized demand in behalf of creditors was made for payments. The defendant owed the creditors nothing, and he owed the company nothing, save such unpaid portion of his stock as might be necessary to satisfy the claims of the creditors. Upon the bankruptcy of the company his obligation was to pay to the assignees, upon demand, such an amount upon his unpaid stock as would be sufficient with the other assets of the company

to pay its debt. He was under no obligation to pay any more, and he was under no obligation to pay anything until the amount necessary for him to pay was at least approximately ascertained. Until then his obligation to pay did not become complete.

Following that ruling, the logic and justice of which we do not question, no suit can be maintained against the demurring defendant until the amount of his liability has been ascertained by proceedings in New York. When that liability has been ascertained, it must be enforced in a court of law (*Barkalow* v. *Totten, 53 N. J. Eq. 573; Hood* v. *McNaughton, 54 N. J. Law 425*), unless some element of equity jurisdiction appears, not present in this case as far as the bill shows.

The decree must be reversed and the record remitted to the court of chancery in order that the bill may be dismissed. The defendant is entitled to costs in both courts.

*For affirmance*—None.

*For reversal*—GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—13.