RAYMOND J. BALDWIN et al.

*v.*

BERRY AUTOMATIC LUBRICATORS CORPORATION.

[Argued May term, 1926.   Decided October 18th, 1926.]

On appeal from an order of the court of chancery advised
by Vice-Chancellor Backes, whose opinion is reported in *99
N. J. Eq. 57.*

*Messrs. McCarter & English,* for the appellant.

*Mr. Samuel M. Hollander* and *Mr. Israel B. Greene,* for the
respondent.

PER CURIAM.

The present bill was filed by stockholders of the Berry
Automatic Lubricators Corporation—a corporation organized
under the laws of the State of Delaware.   Its purpose is to
obtain an adjudication that the corporation is insolvent and
the appointment of a receiver to take charge of its property
and assets.   The suit was instituted in our state court be-
cause of the fact that the corporation's factory and its prin-
cipal office are each of them located in the city of Newark,
New Jersey.   The case came on to be heard before Vice-
Chancellor Backes, who reached the conclusion on the hear-
ing that the corporation was insolvent, its debts exceeding
its liabilities, and that, therefore, a receiver should be ap-
pointed.   As a result of this conclusion, he advised a decree
so determining, and directing that an injunction issue against
the defendant corporation, restraining it from exercising
any of its privileges or franchises granted by the statutes of
this state; or from collecting or receiving any debts due the
corporation; or paying out, selling, assigning or transferring

any of its estate, moneys, funds, lands, tenements or effects, except to a receiver to be appointed by the court.  From the order entered on this advice the corporation has appealed.

We concur in the conclusion of the learned vice-chancellor upon the question of the insolvency of the corporation, and for the reasons stated in the opinion filed by him.  We consider, however, that the court of chancery of New Jersey is not possessed of the extensive jurisdiction attempted to be exercised by it in this case.  That court may appoint a receiver of a foreign corporation and sequester its assets located in this state for the benefit of the stockholders, and the creditors of the corporation who are residents of the state.  In the exercise of this power of sequestering assets, the court may require debtors of the corporation who are residents of this state to pay their debts to the receiver appointed by the court.  We consider, however, that the court of chancery is without power to restrain a foreign corporation from collecting or receiving debts due to it from non-residents or from selling, assigning or transferring its estate and assets located outside of the boundaries of the state.  That function, in our opinion, is lodged in the courts of the domicile of the corporation; except to the extent which we have indicated—that is, in this instance, in the courts of the State of Delaware.

We conclude, therefore, that the decree under review should be affirmed, with the modification indicated; and it will be so ordered.

*For affirmance with modification*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, WHITE, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ.   14.

*For reversal*—None.