The receivers appointed by this court for the above named insolvent foreign corporation were required by an order made herein to show cause why they should not turn over to a receiver appointed by the court of chancery of the State of Delaware such assets of said corporation as came to their possession. The defendant is a corporation organized under the laws of the State of Delaware. It maintained its business plant in the State of New Jersey and conducted all of its business therein and therefrom. For the receivers appointed by this court it was urged that inasmuch as practically all the creditors of the corporation filed porofs of claim with them this court should order a distribution pro rata among all creditors whose claims have been "allowed" by them, regardless of whether such creditors are residents or non-residents of the state, and that a claim of Radio Corporation of America, a non-resident creditor, based upon a patent license as to which considerable proofs were taken by the receivers but no determination made as to the validity thereof, should, because of legal objections urged against same by the receiver of the Delaware court, be turned over to him, together with such proofs, for action thereon by him. For the Radio Corporation of America it was urged that inasmuch as the receivers of this court had taken considerable proofs as to said claim they should settle the question as to the validity thereof and allow or disallow same. Said claimant relies upon the rule of law that a licensee of a patent, to the extent that it continues to use the license, is estopped from denying the licensor's title, and that the licensee cannot set up the invalidity *Page 257 
of a patent, the right to use which it holds by license, unless there has been something equivalent to an eviction of the licensee. Ferry-Hallock Co. v. Progressive Paper Box Co.,76 N.J. Eq. 1; affirmed, Ibid. 338; American Mechanical ImprovementCo. v. Des Lauriers Aircraft Corp., 94 N.J. Eq. 197 (at p.207). For the receiver appointed by the Delaware court it was urged that the receivers appointed by this court should deduct from moneys of the defendant in their possession administration fees and expenses allowed by order of this court and turn over to him the remainder of the moneys and property of said corporation which came to their possession, and therewith claims of creditors filed with them whether allowed or disallowed. In Baldwin v.Berry Automatic Lubricators Corp., 100 N.J. Eq. 362, it was held that this court may appoint a receiver of a foreign
corporation and sequester its assets located in this state for the benefit of the stockholders, and the creditors of the corporation who are residents of this state. See, also, Section96 of our General Corporation act; Atwater v. Baskerville,89 N.J. Eq. 121; affirmed, 90 N.J. Eq. 275; McDermott v.Woodhouse, 87 N.J. Eq. 615. The creditors of Perryman Electric Company, Incorporated, who are residents of this state and who have filed claims with the receivers appointed by this court are entitled to have the validity of their claims settled here, and to effectuate such purpose said receivers may retain control of the assets of the corporation which came to their possession until assured that the claims of such creditors allowed by them will be recognized by the receiver of the Delaware court as valid claims and that such creditors shall be paid their ratable proportion of all the assets of the defendant corporation, and upon such assurance this court by appropriate order may authorize and direct its receivers to turn over to said receiver the moneys and property of the defendant which came to their possession, after deducting administration fees and expenses allowed by order of this court. A claim of the Radio Corporation of America ($741) based upon a license granted by it to the defendant, which license was necessarily made use of by the receivers of this court in their conduct of the business *Page 258 
of the defendant, is a proper administration expense of said receivers. While the right to control defendant's assets in this state for the purpose of securing payment of claims of creditors who are residents of this state vests in this court, nevertheless, all that this court may reasonably exact is that such creditors shall not be obliged to have recourse to the Delaware court to establish the validity of their claims and secure payment thereof. It is a well established rule of law that all creditors of a corporation, wherever residing, are entitled, in case of its insolvency, to have its general assets distributed among them upon principles of perfect equality, and that the courts of one state have no right to favor domestic creditors; therefore, this court cannot apply the assets in possession of its receivers to the payment of claims of creditors who are residents of this state in disregard of the rights of creditors who are residents of other states. Distribution must be made upon the principle that equality is equity. In the instant case resident creditors are entitled to have their rights settled by allowance or disallowance of their claims by the receivers of this court. The receivers should allow or disallow claims filed with them by creditors who are residents of this state prior to turning over to the receiver of the Delaware court the assets of defendant in their possession and claims filed with andallowed by them, when assured by him that he will recognize same as valid claims and that such creditors will be paid their ratable proportion of all the assets of the defendant upon the settlement and distribution of the estate. When thus assured and report thereof made to this court the assets in possession of the receivers appointed by this court may upon appropriate order therefor be turned over to the receiver of the Delaware court. I determined in the instant case that the receiver of the Delaware court should give a sufficient bond conditioned that he will repay to the receivers appointed by this court a ratable proportion of the entire assets of the defendant for payment by such receivers to resident creditors whose claims were filed with and allowed by them as valid claims prior to the turn-over to said receiver, unless within a reasonable time said receiver shall pay direct to such resident *Page 259 
creditors of this state their fair distributive share of all the assets of the insolvent corporation. Clark v. Painted PostLumber Co., 89 N.J. Eq. 409. This court may make a turn-over order with conditions attached. People v. Granite StateProvident Association, 161 N.Y. 492; 55 N.E. Rep. 1053. This court will not make a turn-over order unless satisfied that no injustice will be done to the citizens of this state holding valid claims against the insolvent corporation. Fawcett v.Iron Hall, 64 Conn. 170; 24 L.R.A. 815; Ware v. SupremeSiting, c., of Iron Hall (New Jersey), 28 Atl. Rep. 1041.