RICHARD SIEGMAN, appellant,

*v.*

MARTIN MALONEY, et al., respondents.

[Filed March 11th, 1903.]

The right of a stockholder to prosecute a suit on behalf of the corporation can only be maintained by showing a refusal, either actual or presumptive, by the board of directors to do so; and, where there has been no actual refusal, the burden is on the stockholder who brings the suit to show the existence of such a state of facts as justifies the conclusion that an application to the board to prosecute would be futile.

On appeal from a decree in chancery, advised by Vice-Chancellor Pitney, whose opinion is reported in *18 Dick. Ch. Rep. 422,* sustaining a demurrer to the bill of complaint, and dismissing the bill.

*Mr. James E. Howell,* for the appellant.

*Mr. Richard V. Lindabury* and *Mr. Charles L. Corbin;* and *Mr. William Page* and *Mr. Francis H. Kinnicutt* (of the New York bar), for the respondents.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The bill of complaint in this case was filed by a stockholder of the Electric Vehicle Company in behalf of himself and of all other stockholders who might apply to be admitted as parties to the suit against the company and certain individuals, who were its directors during the years 1899 and 1900, to compel the individual defendants to pay back into the treasury of the corporation certain dividends illegally declared and paid by them

during the period mentioned. It appears from an examination of the allegations of the bill that only five of the twelve directors in office at the time of the institution of the suit were upon the board at the time when the illegal dividends were declared and paid; and it is admitted in the bill that, notwithstanding this fact, the complainant did not apply to the board to bring suit for the purpose of obtaining the relief sought by the bill before beginning this action. He alleges, in excuse of his failure in this regard, that, in addition to the five members who participated in the declaration and payment of the illegal dividends, one other was a brother of, and connected in business with, one of the individual defendants; and that still another is "an employe and representative of one of the other individual defendants;" and insists that for this reason he was justified in assuming that an application to the board to bring this suit would have been refused.

The right of a stockholder to prosecute a suit on behalf of the corporation can only be maintained by showing a refusal, either actual or presumptive, by the board of directors to do so. *Willoughby* v. *Chicago Junction Railway Co., 5 Dick. Ch. Rep. 667.* And where there has been no actual refusal, the burden is on the stockholder who brings the suit to show the existence of such a state of facts as justifies the conclusion that an application to the board to prosecute would be futile. *Brewer* v. *Boston Theatre Co., 104 Mass. 387.* The fact that a majority of the board of directors in office at the time of filing this bill had no part in the declaring or payment of the illegal dividends, is sufficient to defeat the complainant's right to sue, unless the facts set out in the bill, with relation to two of that majority, afford sufficient grounds for concluding that one or the other of those two would, in willful disregard of the interests of the corporation, vote with the directors against whom relief is sought, and, by doing so, defeat an application to the board of directors to prosecute. But, in our judgment, these facts justify no such conclusion. On the contrary, the presumption is that, notwithstanding the relations existing between the two directors and two of the individual defendants, against whom relief is sought, the former would faithfully discharge the duty which

they owed to the corporation and its stockholders, although their action would necessarily have an injurious effect upon the interests of those defendants. Neither the existence of blood nor of business relationship justifies a presumption of dishonesty under the conditions referred to.

The complainant having failed to show in his bill any necessity for prosecuting this action in his own name, and this having been specified as a ground of demurrer, the decree appealed from should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, VAN SYCKEL, DIXON, GARRISON, FORT, GARRETSON, HENDRICKSON, VREDENBURGH, VOORHEES, VROOM—10.

*For reversal*—None.