I have determined that the application for preliminary injunction and appointment of trustee should be denied, that the orders to show cause, with the restraints therein mentioned should be dismissed, and consequently that the merit of the defendant's motion to have the bill of complaint taken from the files need not be determined at this time. The proofs disclose that the matters in controversy are the result of dissension among officers, directors and stockholders, as to methods employed in the management of the business of the corporation, which is clearly not conducive to the best interests of the corporation, but, in my judgment, the remedy therefor lies primarily with the board of directors and stockholders of the corporation. Section 12 of our Corporation act provides that the business of every corporation shall be managed by its directors, who shall be chosen by the stockholders. The authority of the directors in the conduct of the business of the corporation must be regarded as absolute when they act within the law. It is urged by those who *Page 165 
caused the bill of complaint to be filed in the name of the corporation that because of the dissension aforesaid the board of directors does not function, and that the business of the corporation will suffer in consequence. In view thereof it is sought to have a trustee appointed to manage the business of the corporation in lieu of its board of directors. It is also sought to enjoin the defendant from voting shares of stock which she holds as executrix and trustee of the estate of Edward Wylde. If the condition be as represented, it may readily be remedied by the stockholders choosing a new board of directors, and such was apparently contemplated because it appears that the meeting scheduled to be held on February 11th, 1930, the holding of which was restrained upon the filing of the bill of complaint herein, was to be an annual stockholders' meeting at which an entire new board of directors was to be chosen. The court is not warranted in presuming that the stockholders, when duly convened, will not exercise their voting rights in a manner which in their judgment will be conducive to the best interests of the corporation. Malafides is never presumed. Every stockholder is entitled to the judgment of every other stockholder in the selection of directors to manage the business of the corporation. Though a court of equity in the exercise of its general jurisdiction may appoint a receiver or trustee to manage the business of a corporation when the corporation has no properly constituted governing body or when there is such dissension in a properly constituted governing body as to make it impossible for the corporation to carry on its business with advantage to its stockholders, such power is always exercised with great caution, and then only to such extent as may be necessary to preserve the property of the corporation and to protect the rights of stockholders. If the stockholders disapprove of the company's management by the directors, conducted without fraud or gross abuse of trust, their remedy is to elect new directors. If the directors disapprove of the company's management by its duly elected officers, their remedy is to elect new officers. Where the question is one of mere discretion in the management of the business of the corporation by directors, remedy *Page 166 
cannot be had by application to a court of equity. In Ellerman
v. Chicago Junction Railways and Union Stockyards Co., 49 N.J. Eq. 217,
it was held that questions of policy of management are left solely to the honest decision of the directors if their powers are without limitation and free from restraint. There is nothing contained in the proofs herein showing any limitation or restraint upon the directors. It is alleged in the affidavits filed in support of the bill of complaint that the defendant contemplates voting the number of shares of stock which she claims the right to vote, in a manner which will result in great harm, if not ruination, to the corporation. Such allegation, in my judgment, is not substantiated. The defendant cannot be deprived of her right to vote the number of shares of stock which she claims a right to vote, upon the allegation or surmise that she proposes to exercise her legal right for purposes which others may think would be detrimental to the interests of the corporation. The defendant's right to vote the number of shares of stock which she claims she is entitled to vote is for determination by the inspectors of election at the stockholders' meeting. Section 37 of our Corporation act expressly provides that every person holding stock as an executor * * * or trustee * * * may represent the same at all meetings of the corporation, and may vote thereon as a stockholder * * *." It is indisputable that the defendant may vote the shares of stock of Elevator Supplies Company, Incorporated, standing in the name of Edward Wylde on the books of the corporation without having the shares transferred to her own name in her representative capacity. The letters testamentary issued by the New York surrogate's court to the defendant are conclusive proof of her title to the shares of stock of the corporation, and of her right to vote in respect thereof. If the defendant by virtue of her control of a majority of the voting stock of the corporation effects the election of a board of directors of her own selection and they should endeavor to improperly manage its affairs in the interests of other companies (as is intimated in the proofs herein) to the prejudice of its stockholders, adequate relief may be afforded by resort to appropriate *Page 167 
proceedings therefor. The proofs manifest that it is the evident purpose of the defendant by the exercise of her rights as a stockholder to effect the election of a board of directors upon whom she may rely to elect officers other than those now holding office. She appears to be particularly dissatisfied with the activities of the president of the corporation, who with several directors, has assumed the right to file the bill of complaint herein in the name of the corporation. The directors who are now in office, and who are the mere ministerial agents of the corporation, cannot dispute the right of stockholders to obtain a new election of directors, and prolong their own authority, on the ground that the proposed election is a step toward the illegal and improper control of the property or the business of the corporation. The defendant cannot be denied the right to exercise her own judgment at stockholders' meetings in the election of a board of directors even though such judgment may ultimately prove detrimental to her own interests and to the interests of other stockholders. The proofs evidence that the defendant is an executrix and trustee under the last will and testament of her deceased husband, Edward Wylde. It appears that another was named with her in said last will and testament as executor and trustee. Both qualified, and letters testamentary were issued to them. The executor and trustee subsequently resigned. The defendant is now and has been for several years past the sole acting executrix and trustee. It is alleged, and the proofs disclose, that in a proceeding instituted in the New York surrogate's court the defendant entered into a stipulation in writing, approved by a decree of said court, by virtue of which a trustee was to be appointed in the place of the resigned executor and trustee. This court is without authority to determine, at least in the matter sub judice, the question as to whether a substituted trustee under the last will and testament of Edward Wylde, deceased, to act jointly with the defendant as executrix and trustee under said instrument, may or should be appointed by the New York surrogate's court. As the sole acting executrix and trustee under the aforesaid last will and testament the defendant is required in the exercise *Page 168 
of the duties of her office to vote the shares of stock of the corporation which are under her control in such manner as she deems best for the interests of the corporation and the estate of Edward Wylde, deceased. It appears that the defendant has been voting such shares of stock annually for several years past without objection. The fact that the defendant has a very substantial individual financial interest in the corporation as a beneficiary under the aforesaid last will and testament, is indicative that she may reasonably be relied upon to exercise her best judgment in the selection of a board of directors. The proofs disclose that the bill of complaint herein was filed at the instance of the president of the corporation, and several members of its board of directors. The filing of the bill was not authorized by the board of directors. I do not deem it essential to determine in the matter now under consideration the legal propriety of the action of said officers in the filing of said bill. Counsel argued to a considerable extent the question whether a resignation tendered by one of the members of the board of directors to the president of the corporation became effective. I deem it unnecessary to now determine said question. If the court were to grant the preliminary injunction sought under the bill of complaint filed herein and the affidavits in support thereof, grave injustice may be done to the defendant and other stockholders. Courts do not ordinarily grant in limine by means of preliminary injunction the full measure of relief to which a complainant may be entitled on final hearing. It has been repeatedly held that a preliminary injunction should not be awarded except from the pressure of urgent necessity, and the injury to be prevented pendente lite be irreparable. Neither of such requisites are now apparent. In denying the preliminary injunction, and the appointment of a trustee to displace the board of directors of the corporation, as sought in the mattersub judice, I have in mind the cautionary words of Judge Baldwin, referred to in Citizens Coach Co. v. Camden HorseRailroad Co., 29 N.J. Eq. 299 (at p. 303): "There is no power, the exercise of which is more delicate, which requires greater caution, deliberation *Page 169 
and sound discretion, and which is more dangerous in a doubtful case, than the issuing of an injunction." The above-quoted language is applicable also to the appointment of a trustee, as an officer of the court, to manage the business of a corporation in lieu of a duly elected board of directors.
I will advise an order in accordance with the views hereinabove expressed. No costs or counsel fees will be allowed to either party. *Page 170