This matter is now before the court on an order issued July 1st, 1930, requiring the defendants to show cause why the relief (or other adequate relief) prayed for in the bill of complaint should not be granted, and a receiver appointed to take charge of the assets and affairs of the defendant Boulevard Transit Corporation. My consideration of the bill *Page 496 
of complaint, order to show cause, and affidavits filed in behalf of the respective parties, actuates me in determining that the relief prayed in limine should be denied. I will advise an order accordingly. No costs or counsel fee shall be allowed to either party as against the other.
The bill of complaint manifests that the complainant, a stockholder and director of the Boulevard Transit Corporation, one of the defendants herein, is displeased at the action taken by six of the nine members of the board of directors of said corporation. Not only does it appear from the bill that the complainant is displeased thereat, but it appears also that two other stockholders and directors are likewise displeased. The principal source of complaint appears to be that the board of directors determined to purchase, for corporate purposes, from Louis Drogin, one of the directors, certain lands and premises heretofore leased by the corporation from said Drogin. The purchase price agreed upon was $100,000. To consummate the purchase a meeting of the stockholders was called for July 1st, 1930. The complainant avers that a fair price for said lands and premises is $65,000, and because thereof he urges that a fraud is being perpetrated upon the stockholders of the corporation whereby they are being mulcted in the sum of $35,000 — the amount in difference between the value stated by the complainant and the agreed purchase price. It appears by a copy of a lease annexed to an affidavit filed in behalf of the defendants that Drogin on April 23d 1929, leased to the Boulevard Transit Corporation, for a period of three years from June 1st, 1929, the lands and premises now sought to be purchased by the corporation. Why, in view of said lease and the term of years to run, the corporation should determine to purchase the property, is a matter entirely for the consideration and judgment of the directors and stockholders of the corporation. The complainant, by his bill, alleges that Joseph Mastrangelo, a director, was prohibited from participating in meetings of the board of directors. He charges also that two persons named in paragraph 8 of the bill were unlawfully admitted to membership in the board of directors. He alleges that *Page 497 
Drogin, as director, was furnishing automobile supplies to the Boulevard Transit Corporation at a price in excess of the fair market price thereof. He charges also, generally, but not specifically, that five of the members of the board of directors exercised authority in the making of contracts in behalf of the corporation, the borrowing of money on the credit of the corporation, the purchase of supplies on the credit of the corporation, and the payment to unkown persons and for unknown purposes of several thousands of dollars of the funds of the corporation, refusing to afford to complainant, and other stockholders, information with respect thereto. He charges failure of payment of dividends to stockholders, although, as he alleges, sufficient moneys have been earned by the corporation to warrant the payment of dividends. He charges also "unlawful squandering of the moneys of the company by the said directors and transactions engaged in by the said six named directors for their own personal gain, to the disadvantage of the stockholders." He alleges also that "the said six named directors, or some of them, have employed an unnecessary number of extra operators at a great loss to the stockholders of the company, and complainant is reliably informed that moneys are paid by said extra operators to one or more of the said six named directors, for such positions." He alleges in paragraph 18: "In furtherance of the conspiracy on the part of the six named directors to defraud the stockholders of the company, the said named directors have announced their intention to vote stock which has not been legally transferred upon the books of the company." Paragraphs 21, 22, 23, 24, 25 and 26 are clearly bad pleading.
It is clearly manifest to me that the matters complained of are matters peculiarly entrusted by law to the board of directors of the corporation. Section 12 of the Corporation act provides that the business of every corporation shall be managed by its directors. The court may not presume that stockholders, when duly convened, will not exercise their voting rights in a manner which in their judgment will be conducive to the best interests of the corporation. The case *Page 498 sub judice is not one in which the proofs indicate that there is such dissension in a properly constituted governing body as to make it impossible for the corporation to carry on its business with advantage to its stockholders. As indicated by me inElevator Supplies Co. v. Wylde, 106 N.J. Eq. 163, questions of policy of management are left solely to the honest decision of the board of directors if their powers are without limitation and free from restraint, and courts do not ordinarily grant inlimine by means of preliminary injunction the full measure of relief which a complainant may be entitled to on final hearing, and it has been repeatedly held that a preliminary injunction should not be awarded except from the pressure of urgent necessity, and the injury to be prevented pendente lite be irreparable. Neither of such requisites are now apparent.
Although no answer has been filed, or proofs submitted, in behalf of the defendants Boulevard Transit Corporation, Moe Greenberg, Thomas Hadjak, Michael Szegda, or Michael Gabrian, and it appears to me that the affidavits of the defendants Irving Posnak and Louis Drogin contain matters which are not evidential, nevertheless, the affidavit of the defendant Drogin appears to be supported by the affidavit of complainant, as to the present value of the property in question, both affiants stating same at $65,000. The affidavit of Edward H. Jones, attached to the bill of complaint, does not state any value for the lands and premises now occupied by the Boulevard Transit Corporation. The affiant states that he is acquainted with a plan of proposed addition to be constructed on said land. He does not disclose how he became acquainted with such plan. He states that he is well acquainted with building costs at the present time as well as costs of labor and material. He does not make known the basis of his statement in such respect. Apparently he has in mind that because he has been engaged in the real estate business for about seventeen years, during part of which time he was also engaged in building enterprises (although not stating what character of building enterprises or when he was engaged therein) he considers himself informed as *Page 499 
to present-day matters in building construction. Although his affidavit does not disclose what value he places on the lands and premises as they now exist, he concludes his affidavit by saying that after the construction of the addition to the building which is now upon the lands, the total present value would be $65,000. In view of the affidavits of the complainant and of the defendant Drogin I am constrained to believe that the affiant Jones is very much mistaken if he intended to say by this affidavit that after the construction of the proposed addition to the building now upon the lands occupied by the Boulevard Transit Company, the entire value would be $65,000.
In denying the preliminary injunction prayed for by the complainant I have in mind the cautionary words of Judge Baldwin, cited in Citizens Coach Co. v. Camden Horse Railroad Co.,29 N.J. Eq. 299 (at p. 303): "There is no power, the exercise of which is more delicate, which requires greater caution, deliberation and sound discretion, and which is more dangerous in a doubtful case, than the issuing of an injunction." I will advise an order in accordance with the views hereinabove expressed.