The complainant seeks by his bill filed herein to enjoin the defendant from making payment of a dividend voted on its preferred stock at a regular meeting of its board of directors held June 2d 1932, payable July 1st, 1932. The *Page 79 
matter sub judice is an application of complainant for a preliminary injunction. The defendant is a Delaware corporation. The proofs herein manifest that after the filing of the bill by means of which complainant seeks to enjoin payment of the aforesaid dividend, defendant's board of directors, at a special meeting held June 16th, 1932, which was called to reconsider the action taken at the meeting held June 2d 1932, upon reconsideration of the matter again voted in favor of the payment of such dividend. The only dissenting vote was cast by the complainant. Complainant's right of action herein is based upon section 30 of our Corporation act which provides inter alia
that the directors of a corporation shall not pay dividends except from its surplus or net profits arising from its business; and violation of such provision subjects the directors who are responsible therefor to liability at any time within six years after paying an alleged illegal dividend, to the stockholders of the corporation, severally and respectively, to the full amount of any loss sustained by such stockholders, or in case of insolvency to the corporation or its receiver to the full amount of any loss sustained by the corporation. Section 96 of our Corporation act provides that foreign corporations doing business in this state shall be subject to the provisions of said act, so far as the same can be applied to foreign corporations. InBaldwin v. Berry Automatic Lubricator Corporation, 99 N.J. Eq. 57
(at p. 60); affirmed, 100 N.J. Eq. 362, this court held: "Foreign corporations licensed to do business in this state are subject to the provisions of our Corporation act only so far as they are applicable. For the regulation of their internal affairs the courts of the state of their creation must be resorted to." Section 30 of our Corporation act is inapplicable to the mattersub judice. No proof was submitted herein as to the Delaware corporation law. I have no right to presume that the provisions thereof are similar to the provisions of our Corporation act. The complainant is a resident of the State of New York. I do not appreciate why he resorted to this court for relief, rather than to the courts of Delaware. Much of the matter set out in the bill of complaint and proofs in support thereof cannot be considered *Page 80 
by this court in limine. It is urged in behalf of complainant that the proposed dividend will not be made from the corporation's surplus or from net profits arising from its business. It is urged in behalf of defendant that its board of directors has determined that such dividend may be legally declared and paid, and that this court is unauthorized to substitute its judgment for the judgment of the board of directors. The parties are in substantial dispute as to the facts upon which the legality of the proposed dividend are based. It is a well established rule of law that courts do not ordinarily grant in limine, by means of preliminary injunction, the full measure of relief which a complainant may be entitled to on final hearing. Elevator Supplies Co. v. Wylde, 106 N.J. Eq. 163,168. It has been repeatedly held that a preliminary injunction should not be awarded except from the pressure of urgent necessity, and the injury to be prevented pendente lite be irreparable. Elevator Supplies Co. v. Wylde, supra;Spoor-Thompson Machine Co. v. Bennett Film Laboratories, c.,Co., 105 N.J. Eq. 108, 113. In the latter case it was held to be well settled that whenever a complainant's case is doubtful on the law or the facts a preliminary injunction will not issue; that to justify the issuing of a preliminary injunction the case made by the complainant must exhibit a right free from doubt or reasonable dispute, and that "to doubt is to deny." In the above cited cases this court referred to the cautionary words of Judge Baldwin, quoted in Citizens Coach Co. v. Camden Horse RailroadCo., 29 N.J. Eq. 299 (at p. 303): "There is no power, the exercise of which is more delicate, which requires greater caution, deliberation and sound discretion, and which is more dangerous in a doubtful case than the issuing of an injunction." This court is unauthorized to regulate or attempt to regulate the management of the internal affairs of a foreign corporation, through the medium of an injunction. Jackson v. Hooper,76 N.J. Eq. 592. In Gregory v. New York, Lake Erie and WesternRailroad Company, 40 N.J. Eq. 38, 44, Chancellor Runyon said: "It is almost too obvious for remark that this court cannot regulate the internal affairs of foreign corporations, nor can it *Page 81 
enforce its decrees out of this state." In North State Copperand Gold Mining Co. v. Field, 64 Md. 151; 20 Atl. Rep. 1039,
the court says: "Where the act complained of affects the complainant solely in his capacity as a member of the corporation, whether it be as stockholder, director, president or other officer, and is the act of the corporation, whether acting in stockholders' meeting or through its agents, the board of directors, then such action is the management of the internal affairs of the corporation, and in case of a foreign corporation, our courts will not take jurisdiction. The courts of this state do not possess such jurisdiction, and any suggestion of its assumption we emphatically repudiate." Such rule of law I regard as apropos the matter sub judice. The authority of the directors in the conduct of the business of a corporation must be regarded as absolute when they act within the law. It is a well known rule of law that questions of policy of management are left solely to the honest decision of officers and directors of a corporation. Ellerman v. Chicago Junction Railways, c., Co.,49 N.J. Eq. 217; Elevator Supplies Co. v. Wylde, supra; Kelly
v. Kelly-Springfield Tire Co., 106 N.J. Eq. 545, 554. This court is without authority to substitute its judgment for the judgment of the board of directors. I will advise an order denying complainant's application for preliminary injunction.