Appeal from an order denying a motion to strike the bill of complaint in this cause having been taken to the court of errors and appeals this memorandum is now prepared in compliance with the rule.
The complainants James R. Ball and Euphemia S.E. Ball bring this bill of complaint as stockholders in Grant Lunch Corporation, a corporation of the State of New Jersey, which corporation, together with David Jacobwitz and Louis Halperin, are the defendants named therein.
Complainants allege that the named individuals controlled, managed and directed the affairs of the corporation — Jacobwitz as president, Halperin as secretary and treasurer, "the other members of the board being their nominees, relatives and appointees, * * *;" that it was the duty of the individual defendants as directors to honestly manage the property and assets of the company for all of its stockholders; that they failed in that regard; that Jacobwitz and Halperin being indebted to the corporation for loans and advances assigned to the corporation shares of stock in building and loan associations which were of unknown and doubtful value, whereupon the obligations due the corporation from the defendants were canceled, which transaction it is charged was illegal and done without the knowledge or consent of complainants and other stockholders; that loans were made to stockholders by the company contrary to law; that Jacobwitz and Halperin, together with other officers of the corporation, concluded that it would be advantageous for the company to operate restaurants in New York the same as those which it operated in New Jersey, and that by authority of the board of directors, a New York corporation for that purpose was created bearing the name of "Grant Lunch Corporation" of which corporation the individual defendants also became directors, and Jacobwitz its president, and Halperin secretary and treasurer; that a letter signed by these defendants in their capacity as officers was mailed to the stockholders stating in effect that the "Grant Lunch Corporation of the State of New Jersey, was to open its first link of a chain of stores in *Page 310 
New York City," in which letter the fact was not disclosed that a New York corporation had been organized of which the defendant officers and directors were the owners of the entire stock issue. It is then charged that the New York corporation was organized by Halperin and Jacobwitz for the benefit of the complainants and all other stockholders of the New Jersey company, and that the New Jersey company advanced moneys to the New York company, and that Jacobwitz and Halperin held the common stock of the New York corporation as trustees for the New Jersey corporation and its stockholders; that the formation of the New York company was made possible only by the use of cash belonging to the New Jersey corporation which was taken from the surplus funds of that company; that after Jacobwitz and Halperin found that the operation of the New York company was a success they concluded to hold and did retain the common stock of the New York corporation as their own; that as a result of the control which they maintained of the board of directors of both corporations they did on March 22d 1933, change an item designated "Investment," by the New Jersey corporation in the assets of the New York corporation to "Loan," and simultaneously did issue to the New Jersey corporation two thousand three hundred shares of Class A, non-voting stock of the New York corporation, which stock they caused to be accepted by the New Jersey corporation in payment "for the investment" made in the New York corporation by the New Jersey company, all without the knowledge and consent of the complainants and other stockholders, and that this fact was not discovered until later when mandamus proceedings were instituted.
It is also charged that if the New York corporation was entirely separate and distinct from the New Jersey corporation, that because of the interlocking directorates, the exchange of stock for cash actually advanced was unfair and improper and in violation of the complainants' rights and that of other stockholders, since the stock of the New York corporation was non-cumulative and had no preference as to dividends. Generally, and without here setting forth in further *Page 311 
detail all the other allegations in the bill of complaint contained, the bill charges fraud and oppression in that the individual defendants in divers ways used their fiduciary positions and the powers in them vested by the New Jersey corporation for their own benefit and individual profit and to the disadvantage of the stockholders of the company.
The bill prays injunction, discovery and accounting.
On a motion to strike, the allegations of the bill of complaint are admitted.
The motion is predicated primarily upon the ground that the complainants cannot, as stockholders, on behalf of the company bring the action; that only the company can sue. The rule is here recognized that in order to maintain a suit in a representative capacity, such as a stockholders' suit, it is essential to the complainants' case that they allege and prove either a request upon, and a refusal by, the corporation to sue, or such a situation as would make certain that such request, if made, would be denied, or, if granted, that the litigation would be under the direction of persons opposed to its success. 3 Pom. Eq. Jur.
(3d ed.) §§ 1094, 1095; Willoughby v. Chicago JunctionRailways, c., Co., 50 N.J. Eq. 656; Appleton v. AmericanMalting Co., 65 N.J. Eq. 375; Groel v. United Electric Co.,70 N.J. Eq. 616; Goodbody v. Delaney, 80 N.J. Eq. 417; Hitchcock
v. American Pipe and Construction Co., 89 N.J. Eq. 440.
In Siegman v. Maloney, 65 N.J. Eq. 372, Chief-Justice Gummere (at p. 373), says, "the right of a stockholder to prosecute a suit on behalf of the corporation can only be maintained by showing a refusal, either actual or presumptive, by the board of directors to do so. Willoughby v. ChicagoJunction Railway Co., 5 Dick. Ch. Rep. 667. And where there has been no actual refusal, the burden is on the stockholder who brings the suit to show the existence of such a state of facts as justifies the conclusion that an application to the board to prosecute would be futile. Brewer v. Boston Theatre Co.,104 Mass. 387."
The allegations and charges in the bill of complaint of themselves support, in my opinion, the conclusion at which *Page 312 
I have arrived, that upon a proper request made by the complainants to the corporation to institute suit the request would be denied, or if granted, the litigation following would necessarily be subject to the control of the persons opposed to its success. Barry v. Moeller, 68 N.J. Eq. 483. My opinion in this regard is not predicated alone upon the charges in the bill of complaint contained, but further because the defendant-corporation joins with Jacobwitz and Halperin in the motion to strike, which motion is rested in part upon the statement contained in the notice of motion, viz., "Said bill is devoid of any equity, and states no cause of action."
When controlling stockholders actually assume control of the affairs of a corporation and intermeddle with the assets of the corporation and deal therewith to their own advantage, or in their own interest, as is alleged in this bill of complaint, they become trustees for the stockholders in equity to account for profits illegally made by them out of their dealings with the corporation. Barry v. Moeller, supra.
Under circumstances such as here alleged, a court of equity will retain the bill for the purpose of scrutinizing such transactions as to their fairness with reference to the rights of other stockholders.
The motion is denied. *Page 313