P. Louis Smith, individually, and as executor of the estate of Seymour R. Smith, deceased, complainant,

*v.*

Charlotte A. Banister, Carrie V. C. Banister, S. Roy Smith and Peter Smith Corporation, defendants.

[Decided May 29th, 1940.]

Mr. *George S. Silzer,* for the complainant.

Mr. *Ferdinand A. Delapenha,* for the defendant Charlotte A. Banister.

Messrs. *Congleton & McLaughlin* (Mr. *Richard J. Congleton*), for the defendants Carrie V. C. Banister, S. Roy Smith and Peter Smith Corporation.

Egan, V. C.

This suit was instituted by the complainant, individually, and as executor of the estate of Seymour R. Smith, deceased, to foreclose a mortgage for $3,500 executed by the defendant Charlotte A. Banister, on November 9th, 1930, and which matured on November 29th, 1931. In addition to the prin-

cipal of the mortgage being due, there are arrears of interest and taxes remaining unpaid. The mortgaged premises are located in the township of Byram, in the county of Sussex, State of New Jersey.

The said corporation issued 2,000 shares of its stock "to the following named persons, who were the sole directors and owners of the * * * stock, to wit: S. Roy Smith, Carrie V. D. Banister, Seymour R. Smith, and P. Louis Smith;" the last named being the complainant, who owns one share of the stock.

The decedent, Seymour R. Smith, died February 14th, 1932. He possessed 700 shares of the stock, which is now held by his executor aforesaid.

The complainant alleges (paragraph 9 of the amended bill of complaint) : "That it is necessary for the complainant as executor aforesaid, to collect the said assets in order that the estate may be closed and settled. The estate cannot be closed and settled so long as this claim is outstanding and the said mortgage is unpaid." The only asset of the defendant corporation is the mortgage. The amended bill further alleges:

"14. As required by the by-laws of the said corporation the complainant requested Carrie V. D. Banister, Secretary of the said corporation, on August 25th, 1939, to call a meeting of the said corporation for the purpose of demanding payment of the said mortgage and the interest due thereon.

"15. Carrie V. D. Banister, as Secretary, fixed September 22d, 1939, for the said meeting. At said meeting no resolution or motion was made for the collection or for the payment of the said mortgage. The said mortgage being on the property of Charlotte A. Banister, and to the Peter Smith Corporation, and the payment of the same having been frequently requested, and the said mortgage being due since 1931 and said defendants having taken no action on complainant's request, if said failure to take action to collect the same is continued, the Estate of Seymour R. Smith will continue to remain open and unsettled, and the property mortgaged will depreciate in value. This will result in the Estate of Seymour R. Smith being deprived of its just right in the premises.

"16. The Estate of Seymour R. Smith has no other uncollected assets except the 700 shares of the said corporation which is thirty-five per cent. of the said mortgage. It is extremely desirable and necessary that the said mortgage be collected."

Among other things the prayer for relief seeks:

"3. That a decree may be made for the sale of the mortgaged premises to raise and pay to the complainant an amount found to be due on his share of the said mortgage with interest and costs and the amount found to be due on the said mortgage. Also that if there are any liabilities of the Peter Smith Corporation that they first be paid out of said selling price."

The defendants served and filed a notice of a motion to strike the bill of complaint. The motion was continued to final hearing. The evidence submitted at the hearing established the execution of the mortgage, the default of principal, interest and taxes; and the interests of the parties hereto.

It appears, that pursuant to a request by the complainant, the directors of the corporation called a meeting on September 22d, 1939, to consider what action should be taken against the mortgagor because of the defaults. The directors then decided to refer, and did submit, the question to their counsel. He refused to institute a proceeding to foreclose the mortgage. The complainant, as treasurer, and a director, of the corporation, attended the meeting. He was acquainted with the situation.

There is no allegation of fraud or abuse of power, or any proof of such, on the part of the directors in the· points involved herein. At the conclusion of the hearing of the complainant's case, counsel for the defendants announced "We rest." They then argued the motion to dismiss the bill. They contended that the right to sue to foreclose the mortgage was one that was peculiarly committed to the corporation's directors; that, in the circumstances existing in the instant case, it was not a right which was vested in a stockholder of the corporation; and that in view of the fact that the shareholders of the corporation, or its board of directors, were not chargeable with, or guilty of, *mala fides,* bad faith, abuse of power, or fraud, then the complainant was without

standing in this court. I feel that their argument is not without force and I sustain their contention.

Our statutes, *Revision of 1937, 14:7-1,* provide that the business of every corporation shall be managed by its board of directors. It is not the policy of the courts to interfere with their corporate management when the directors are acting within their powers and giving evidences of good faith. In *Groel* v. *United Electric Company of New Jersey, 70 N. J. Eq. 616; 61 Atl. Rep. 1061,* Vice-Chancellor Garrison approves the rule that the court will examine a bill in its entirety and determine whether the complainant has made such a showing of wrong on the part of the corporation, or its officers, and injury to himself, as will justify the suit. It has been long established by the courts of this state that a corporation acts by the majority and that an action of a stockholder will not be sustained in a proceeding brought by him in the name of the corporation against the will of the corporation. *The Silk Manufacturing Co.* v. *Campbell, 27 N. J. Law 539.*

The rule that questions of policy of management are left solely to the honest decision of the directors of the corporation still maintains in this state. *Hamilton* v. *United Laundries Corp., 111 N. J. Eq. 78; 161 Atl. Rep. 347.*

In the instant case the issue is purely of business and economical problems. Those problems are to be determined by the directors and not by the court. The judgment of the majority of the directors prevails in the absence of bad faith or abuse of power. *Madsen* v. *Burns Brothers, 108 N. J. Eq. 275; 155 Atl. Rep. 28.*

The bill of complaint contains no allegation of fraud, *ultra vires* action, illegality or bad faith. It asserts that upon the request of the complainant a meeting of the board of directors was called. It alleges that at the meeting "no resolution or motion was made for the collection or for the payment of said mortgage." The evidence furnished by the complainant was to the effect that the matter was discussed at the meeting and that as hereinbefore stated, the counsel of the corporation was consulted about an adjustment of the matter, and that he refused to institute proceedings to fore-

close the mortgage. I find nothing to criticise in the actions of the directors. They gave consideration to the existing economic conditions. They used their judgment as to the advantage, or disadvantage of forcing a sale of the mortgaged premises in what seems to be a weak real estate market and they concluded not to risk a sale at the present time. Under the circumstances, their decision stands.

The complainant cites the case of *Holub* v. *Jacobwitz, 123 N. J. Eq. 308; 197 Atl. Rep. 423,* as sustaining his position. I do not agree with him in his contention. The facts in the *Holub Case* are entirely different from the points at issue in this proceeding. The principles there applied find no place in this case.

The pleadings seek (a) the foreclosure of a mortgage; (b) the dissolution of the Peter Smith Corporation; (c) the payment of its debts; and (d) the distribution of its assets—all separate causes. It may be observed that a dissolution of a corporation is obtained by a statutory proceeding. That proceeding was not followed in this case. The bill also prays for the payment of the liabilities of the corporation out of the proceeds of sale of the mortgaged property. It makes no mention of liabilities, excepting by indirect inference the liabilities to the stockholders.

The separate causes of action set forth in the amended complaint are pleaded together and contrary to the rules of this court. See Chancery rule 60.

The bill, *inter alia,* seeks the sale of the mortgaged premises to raise and pay to the complainant the amount found to be due on his share of the said mortgage with interest and costs. The mortgage is the property of the defendant, the Peter Smith Corporation. There is no evidence that the complainant holds a "share of the said mortgage." It seems to be a somewhat novel proposition that in the foreclosure of the bond and mortgage owned by a corporation, payment of the proceeds thereof should be distributed directly to one of the stockholders of the corporation in proportion to his stock interest in the said corporation.

Under all the facts and circumstances, I feel that the bill should be dismissed, and shall so advise.